FILED
MASON COUNTY ILLINOIS
Friday, 3/30/2022 4:04 PM
MICHAEL ROATE
CLERK OF THE CIRCUIT COURT

E-FILED
Friday, 01 July, 2022 04:53:22 PM
Clerk, U.S. District Court, ILCD

**Exhibit A**

## STATE OF ILLINOIS
### IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
### MASON COUNTY

| | | |
|---|---|---|
| DARLENE SELLERS, | ) | |
| | ) | |
| Plaintiff, | ) | 2022LA4 |
| | ) | CASE NO.: 22-L- |
| vs. | ) | |
| | ) | |
| CVS CAREMARK CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT AT LAW

NOW COME the Plaintiffs, DARLENE SELLERS (hereinafter "SELLERS"), by and through her attorneys, LEFANTE LAW OFFICES, P.C., and complaining of the Defendant, CVS CAREMARK CORPORATION (hereinafter "CVS"), state as follows:

### COUNT I-Premises Liability/Negligence
### Darlene Sellers v. CVS Caremark Corporation

1. At all times relevant herein, the Plaintiff SELLERS, resided at 401 S. Orange Street, Apt 4, in the City of Havana, County of Mason and State of Illinois.

2. Upon information and belief, at all times relevant herein, Defendant, CVS was a Rhode Island Corporation authorized to do business and doing business at 320 E. Dearborn Street, in the City of Havana, County of Mason and State of Illinois.

3. This Court has jurisdiction over Defendant CVS, pursuant to 735 ILCS 5/2-209(a)(1),(2) and (3) in that, at all times relevant herein, Defendant CVS transacts business within Illinois, committed tortious acts within Illinois, and owned, used and/or possessed real estate within Illinois and pursuant to 735 ILCS 5/2(b)(4), in that Defendant CVS is doing business within Illinois.

4. Venue in this matter is proper in the Circuit Court of Mason County, Illinois, pursuant to 735 ILCS 5/2-101(2), in that the cause of action arose from an incident which occurred in the City of Havana, County of Mason, and State of Illinois.

5. Upon information and belief, on January 13, 2022, and for a substantial period of time prior thereto, Defendant, CVS, by and through its officers, agents, and employees, owned, possessed, operated, maintained, and/or controlled the premises located at and commonly known as 320 E. Dearborn Street, in the City of Havana, County of Mason, and State of Illinois, including the parking lot upon said premises.

6. On January 13, 2022, Plaintiff SELLERS, was lawfully and legally upon Defendant, CVS' premises as a business invitee of the Defendant, CVS.

7. That on or around the afternoon of January 13, 2022, Plaintiff SELLERS, walked from her son, Daniel M. Hilst's home, located at 308 ½ South Broadway, Havana, Illinois to the parking lot on the premises owned by Defendant CVS.

8. On January 13, 2022, Plaintiff SELLERS, while walking in the CVS parking lot, slipped on ice, causing Plaintiff SELLERS to suffer severe injury.

9. Prior to her fall, Plaintiff SELLERS, had no knowledge, warning or other indication of the dangerous condition on the premises.

10. That at all times pertinent hereto and in the performance of all acts relevant hereto, Plaintiff, DARLENE SELLERS, was in the exercise of reasonable care for her own safety.

11. At the said time and place, Defendant, CVS, owed Plaintiff SELLERS and all others lawfully upon the above-mentioned premises, a duty to exercise reasonable care to eliminate dangers and defects in those common areas customarily utilized by the Plaintiff and

those others lawfully upon the premises, including, but not limited to, the parking lot surrounding the structure.

12. That notwithstanding said duty, the Defendant, CVS, was then and there guilty of one or more of the following negligent acts or omissions:

    a. Carelessly and negligently failed to provide Plaintiff with safe ingress and egress from the property located at 320 E. Dearborn Street, Havana, Illinois;

    b. Carelessly and negligently failed to clear the parking lot of snow and ice when Defendant knew, or in the exercise of ordinary care, should have known that said parking lot was dangerous for persons lawfully on the premises, including the Plaintiff;

    c. Carelessly and negligently failed to exercise reasonable care in the operation, maintenance, management and control of the parking lot;

    d. Carelessly and negligently maintained the parking lot in a manner that Defendant, CVS, knew or should have known to be unsafe;

    e. Carelessly and negligently allowed a dangerous condition to exist on its premises, to wit: uneven slopes, depressions, cracks, and or pot holes in the parking lot which allowed an unnatural accumulation of ice to form in the parking lot;

    f. Carelessly and negligently allowed a dangerous condition to exist on its premises, to wit: the presence of the gutters and downspouts diverting water into the parking lot adjacent to Defendant's building, when it knew

    of should have known of the danger said condition created for those in said parking lot, including Plaintiff SELLERS;

g.    Failed to adequately inspect for and discover the dangerous conditions when it had the means and opportunity to do so;

h.    Failed to timely remedy and fix the dangerous conditions when it had the notice, means and opportunity to do so and when it knew or should have known of the danger said condition created for those using the premises, including Plaintiff SELLERS;

i.    Carelessly and negligently failed to warn or give notice to those people who might use the parking lot, including the Plaintiff, of the existence of the dangerous and unsafe conditions of the parking lot when Defendant, CVS, knew or should have known that said parking lot was unsafe;

j.    Failed to erect a barricade, or take other effective protective measures to guard against Plaintiff SELLERS, contact with the dangerous conditions, when it knew or should have known of the danger said condition created for those using the premises;

k.    Carelessly and negligently failed to remove an unnatural accumulation of ice from the parking lot so as to allow pedestrians such as Plaintiff SELLERS, to utilize that area;

l.    Carelessly and negligently failed to warn or give notice to inform those people who might use the parking lot of the unsafe conditions created by an unnatural accumulation of ice on the parking lot;

  m. Failed to spread salt, sand or other substance on the surface of the parking lot to provide proper traction and prevent the formation of ice; and/or

  n. Was otherwise careless or negligent.

13. That the negligence of Defendant, CVS, was a proximate cause of the fall and personal injuries alleged in the Complaint.

14. As a direct and proximate result of one or more or all of the above-described negligent acts and omissions and/or violations of Statutes of Defendant, CVS, Plaintiff SELLERS, then and there suffered serious and permanent bodily injuries that caused Plaintiff to suffer pain, discomfort, and mental anguish and are reasonably certain to cause Plaintiff to suffer pain, discomfort, and mental anguish in the future.

15. As a direct and proximate result of one or more or all of the above-described negligent acts and omissions of Defendant, CVS, Plaintiff SELLERS, was disfigured and disabled and is reasonably certain to be disfigured and disabled in the future.

16. As a direct and proximate result of one or more or all of the above-described negligent acts and omissions of Defendant, CVS, Plaintiff SELLERS, has lost a normal life and is reasonably certain to experience the loss of a normal life in the future.

17. As a direct and proximate result of one or more or all of the above-described negligent acts and omissions of Defendant, CVS, Plaintiff SELLERS, has incurred medical, nursing, and hospital expenses and is reasonably certain to incur medical, nursing, and hospital expenses in the future.

18. As a direct and proximate result of one or more or all of the above-described negligent acts and omissions of Defendant, CVS, Plaintiff SELLERS, has been restricted in her

usual activities and affairs and is reasonably certain to be restricted in her usual activities and affairs in the future.

19.    As a direct and proximate result of one or more or all of the above-described negligent acts and omissions of Defendant CVS, Plaintiff SELLERS, has sustained a permanent injury and disability, all to her damage.

WHEREFORE, the Plaintiff SELLERS, prays for judgment in her favor and against the Defendant, CVS, in a sum of money in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs, and further prays for such other and further relief as is right and just.

DARLENE SELLERS, Plaintiff,

By: _____
One of Her Attorneys

James P. LeFante (6237531)
Shane M. Mahoney (6322677)
LeFante Law Offices, P.C.
Twin Towers Plaza
456 Fulton Street, Suite 410
Peoria, IL  61602
Phone:  (309) 999-1111
Fax:  (855) 533-2683
jlefante@lefantelaw.com
smahoney@lefantelaw.com

6

COUNTY OF PEORIA      )
                      ) SS
STATE OF ILLINOIS     )

### RULE 222 AFFIDAVIT REGARDING DAMAGES SOUGHT

Being first duly sworn, the undersigned, Shane M. Mahoney, hereby states that he represents the Plaintiff in this matter and that the total amount of damages sought herein exceeds $50,000.00.

_____
Shane M. Mahoney, Attorney for Plaintiff

Subscribed and sworn to before me this 30 day of March, 2022.

_____
Notary Public

OFFICIAL SEAL
SANDRA R GULLETTE
NOTARY PUBLIC-STATE OF ILLINOIS
MY COMMISSION EXPIRES 4-29-2022

James P. LeFante (6237531)
Shane M. Mahoney (6322677)
LeFante Law Offices, P.C.
Twin Towers Plaza
456 Fulton Street, Suite 410
Peoria, IL  61602
Phone: (309) 999-1111
Fax: (855) 533-2683
jlefante@lefantelaw.com
smahoney@lefantelaw.com